Form G-3 (20240417)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | | |
|---|---|---|---|
| In re: | ) | Chapter 11 | |
|    Jebb Food Services Inc. | ) | | |
| | ) | No. 24-15863 | |
| | ) | | |
| Debtor | ) | Judge Timothy A. Barnes | |

## NOTICE OF MOTION

TO:  See attached list

     PLEASE TAKE NOTICE that on  **November 20, 2024** , at 9:00AM, I will appear before the Honorable Judge Timothy A. Barnes, or any judge sitting in that judge's place, **either** in courtroom 744 of the Everett McKinley Dirksen Building, 219 South Dearborn, Chicago, Illinois, **or** electronically as described below, and present the motion of Codilis & Associates, P.C. for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee of Residential Credit Opportunities Trust II, a copy of which is attached.

     **Important: Only parties and their counsel may appear for presentment of the Motion electronically using Zoom for Government.  All others must appear in person.**

     **To appear by Zoom using the internet,** go to this link:  https://www.zoomgov.com/.  Then enter the meeting ID and passcode.

     **To appear by Zoom using a telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

     **Meeting ID and passcode.**  The meeting ID for this hearing is 161 329 5276, and the passcode is 433658.  The meeting ID and passcode can also be found on the judge's page on the court's web site.

     **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

                                                                                  /s/ Peter C. Bastianen
                                                                                 Attorney for Movant

Terri M. Long ARDC#6196966
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Berton J. Maley ARDC#6209399
Michael P. Kelleher ARDC#6198788
Kerrie S. Mattson-Neal ARDC#6270224
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
bkpleadingsNORTHERN@il.cslegal.com
File No. 14-22-05126

NOTE: This law firm is a debt collector.

# **CERTIFICATE OF SERVICE**

      I, Peter C. Bastianen, certify that I served a copy of this notice and the attached motion on each entity shown on the service list below at the address shown and by the method indicated on the list on November 1, 2024.

Jebb Food Services Inc., Debtor, 4136 Douglas Rd, Downers Grove, IL 60515 by pre-paid first class U.S. Mail
Richard G. Larsen, Attorney for Debtor, 300 South County Farm Rd., Suite G, Wheaton, IL 60187 by electronic notice through ECF
Neema T Varghese, Chapter 11 Trustee, 701 Potomac, Ste 100, Naperville, IL 60565 by electronic notice through ECF
Office of U.S. Trustee, 219 S. Dearborn St., Room 873, Chicago, IL 60604 by electronic notice through ECF


                                            /s/ Peter C. Bastianen
                                            Attorney for Movant

Terri M. Long ARDC#6196966
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Berton J. Maley ARDC#6209399
Michael P. Kelleher ARDC#6198788
Kerrie S. Mattson-Neal ARDC#6270224
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
bkpleadingsNORTHERN@il.cslegal.com
File No. 14-22-05126

NOTE: This law firm is a debt collector.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| IN RE: | Chapter 11 |
|---|---|
| Jebb Food Services Inc. | No. 24-15863 |
| Debtor | Judge Janet S. Baer |

**MOTION FOR <u>IN REM</u> RELIEF FROM THE AUTOMATIC STAY**

**NOW COMES** Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust II, (hereinafter "Movant"), by and through its attorneys, Codilis & Associates, P.C., and moves this Honorable Court pursuant to 11 U.S.C. §362(d)(4) for a recordable in rem Order granting Movant relief from the automatic stay, and in support thereof states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, Eastern Division;

2. On March 30, 2019, and individual named Blanca C. Cruz, in her capacity as President of Jebb Food Services, Inc., signed a note in the amount of $531,750.00 secured by a mortgage against the following six (6) properties commonly known as:

    a.    17 West 110th Pl, Chicago, IL 60628;

    b.    10854 S Eggleston Ave, Chicago IL 60628;

    c.    215 W 107th Street, Chicago IL 60628;

    d.    10731-33 S Perry Ave, Chicago IL 60628;

  e.  6243 S Racine Ave, Chicago IL 60636; and

  f.  122 E 120th Place Chicago IL 60628;

3. On March 30, 2019, Blanca C Cruz, in her individual capacity, also signed a guaranty rendering her personally liable on the note;

4. On August 22, 2022, Movant filed foreclosure case #2022 CH 08121 in the Circuit Court of Cook County against the Debtor, Bianca C. Cruz based on a default for the March 1, 2022 monthly installment payment onward. The following events occurred in the foreclosure case;

  a.  On August 23, 2022, Debtor was served;

  b.  On September 19, 2022, Bianca C. Cruz was served;

  c.  On December 27, 2022, a Judgment of Foreclosure was entered by default;

  d.  On January 12, 2023, an attorney named William S. Ryan filed an Appearance for Debtor and Blanca C. Cruz ("Foreclosure Defendants");

  e.  On January 26, 2023, Debtor's attorney filed a motion to vacate the Judgment of Foreclosure on behalf of the Foreclosure Defendants;

  f.  On February 24, 2023, over Movant's objection, the Judgment of Foreclosure was vacated, and the Foreclosure Defendants were granted 28 days until March 24, 2023 to answer or otherwise plead;

  g.  On March 31, 2023, seven days after the deadline to answer or otherwise

        plead had passed, the Foreclosure Defendants filed an answer and three affirmative defenses;

h.      On April 25, 2023, Movant filed a motion to strike the Foreclosure Defendants' affirmative defenses;

i.      On May 15, 2023, the Foreclosure Defendants' request for a briefing schedule on Movant's motion to strike the affirmative defenses was granted, a briefing schedule was set, and a hearing was set for July 17, 2023;

j.      On July 17, 2023, after the Foreclosure Defendants failed to respond to Movant's motion to strike, the first and third affirmative defenses were stricken with prejudice, and the second affirmative defense was stricken without prejudice and with leave to replead in 14 days;

k.      The second affirmative defense was not re-pled, so on August 4, 2024, Movant sent notice of a motion for summary judgment to be heard on August 28, 2024;

l.      On August 28, 2024, the Foreclosure Defendants' for a briefing schedule on Movant's motion for summary judgment was granted, a briefing schedule was set, and a hearing was set for November 23, 2023;

m.      On November 16, 2023, an agreed order was entered resetting the hearing on Movant's motion for summary judgment to January 8, 2024;

n.      No response to Movant's motion for summary judgment was filed, and then the Foreclosure Defendants started filing bankruptcy cases;

5.      This is the fifth (5) bankruptcy case filed by Blanca C. Cruz's or Jebb Food

Services Inc. in less than a year to stop Movant from proceeding with a foreclosure sale summarized as follows:

    a.    **FIRST CASE CH. 13 #23-17238**. On December 26, 2023, about a week before the hearing on Movant's motion for summary judgment in foreclosure court, Blanca C. Cruz filed the first bankruptcy case #23-17238 *pro se*, staying Movant's foreclosure. On January 26, 2024, the first case was dismissed on the Trustee's motion for failure to file required documents;

    b.    **SECOND CASE CH. 13 #24-02318**. Less than a month later, on February 20, 2024, Blanca C. Cruz filed the second bankruptcy case #24-02318 *pro se*, staying Movant's foreclosure again. On March 29, 2024, the second case was dismissed on the Trustee's motion for failure to file required documents. Subsequently, Movant filed its motion for summary judgment in the foreclosure case again and sent notice for a hearing to be held on May 20, 2024;

    c.    **THIRD CASE CH. 11 #24-07484**. On May 20, 2024, the day of the hearing on Movant's summary judgment motion in foreclosure case, Jebb Food Services Inc. filed the third bankruptcy case #24-07484 *pro se*, staying Movant's foreclosure again. On June 4, 2024, the third case was dismissed pursuant to the U.S. Trustee's motion because a corporation cannot file bankruptcy *pro se*. Subsequently Movant filed its motion for summary judgment in the foreclosure case again and sent notice for a hearing to be held on July 22, 2024. On July 22, 2024, Movants motion for summary judgment was granted and a judgment of foreclosure was entered;

    d.    **FOURTH CASE CH. 11 #24-10691**. On July 24, 2024, Jebb Food Services Inc. filed the fourth bankruptcy case #24-10691 *pro se*, staying

      Movant's foreclosure again. On July 31, 2024, the fourth case was dismissed and pursuant to the U.S. Trustee's motion because a corporation cannot file bankruptcy *pro se*. Subsequently, Movant scheduled a foreclosure sale for October 24, 2024;

  e.  **FIFTH CASE CH. 11 #24-15863**. On October 23, 2024, the day before the foreclosure sale, Jebb Food Services Inc. filed this fifth bankruptcy case #24-15863 through counsel, Richard G. Larsen;[1]

6.  No payments have been received since the foreclosure case was filed, and the loan remains due for the March 1, 2022 installment onward, with a default in excess of $150,000.00;

7.  Pursuant to 11 U.S.C. §362(d)(4), this Court has authority to enter an in rem stay relief order that, if recorded, is binding in any other bankruptcy case filed for two years after the date of its entry, if it finds that this case was part of a scheme to hinder, delay or defraud Movant though multiple bankruptcy filings affecting real property;

8.  This case is part of a scheme to hinder, delay or defraud Movant;

9.  "A determination of whether or not a scheme exists will almost always have to be one of extrapolation. No debtor is expected to having conducted a scheme. Rather, the court must attempt to deduce a scheme from the facts." *In re: Briggs*, 2012 Bankr. LEXIS 4120, *12 2012 WL 3780542 (Bankr. N.D. Ill. 2012);

10.  Relevant factors in considering whether a scheme exists include: the number of bankruptcy cases filed, the relationship between the individuals or entities filing the bankruptcy cases, the strategic timing of the bankruptcy cases to delay the foreclosure, the lack of changed circumstances between cases and the failure to comply with the requirements of the Bankruptcy Code; *See Briggs*, at *15;

---

[1] Movant notes that although this is the third case filed by this Debtor within a year of the dismissal of two prior cases filed by this Debtor, the no stay provisions of 11 U.S.C. §362(c)(4) only apply to cases filed by an individual, so they do not apply to this case filed by a corporation, and therefore the automatic stay is in effect in this case.

11. After delaying the foreclosure for a year with meritless litigation, all of which was resolved in Movant's favor, the Debtor started filing bankruptcies to further delay Movant from completing its foreclosure;

12. A review of the dockets in the bankruptcy cases listed above, of which this Court can take judicial notice, indicates that all the bankruptcy cases including this case were filed as part of a scheme to delay, hinder, or defraud Movant for the following reasons:

 a. Each case has been filed in rapid succession;

 b. Each case has been filed to stop Movant from proceeding with a foreclosure judgment or a foreclosure sale

 c. No information about Jebb Food Services Inc. and/or Blanca C Cruz's circumstances has been provided in the cases because almost none of the required documents have been filed;

 d. The attached loan documents are signed by Blanca C. Cruz in her capacity as President of the Debtor corporation, but the documents filed in this case indicate that an individual named Demetrio Cardone is the President of the Debtor corporation, so it is not clear who is actually the President of the Debtor corporation, or whether Demetrio Cardone has any authority to act as President of the Debtor corporation;

13. The history of filing bankruptcy case after bankruptcy case to stop foreclosure without filing required documents, making required payments, or complying with other requirements of the Bankruptcy Code evidences that the filing of this latest case is part of a scheme to delay, hinder or defraud Movant through multiple bankruptcy filings affecting the subject property and gives grounds for the Honorable Court to grant <u>in rem</u> relief pursuant to 11 U.S.C. §362(d)(4);

14. No relief other than a recordable in rem stay relief order will prevent Movant from further harm by the filing of additional bankruptcy cases to further delay and hinder Movant from completing the foreclosure;

15. This Court has authority to order that Rule 4001(a)(3) is not applicable to the order entered in granting this motion, and Movant requests this Court so order;

16. Movant has incurred attorney fees and/or costs in connection with this bankruptcy proceeding:

> $1,050.00 for Preparation of Notice and Motion for Relief from the Automatic Stay, and prosecution of same;
>
> $199.00 for Court filing fee;

17. BSI Financial Services, Inc. services the loan on the properties that are the subject of this motion. BSI Financial Services, directly or through an agent, has possession of the promissory note. Movant is the beneficiary or the assignee of the original mortgagee.

**WHEREFORE,** Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust II prays this Court enter a recordable in rem order pursuant to 11 U.S.C. §362(d)(4) modifying the automatic stay and for such other and further relief as this Court may deem just and proper.

Dated November 1, 2024.

Respectfully Submitted,
Codilis & Associates, P.C.

By: /s/ Peter C. Bastianen
Attorney for Movant

Terri M. Long ARDC#6196966
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Berton J. Maley ARDC#6209399
Michael P. Kelleher ARDC#6198788
Kerrie S. Mattson-Neal ARDC#6270224
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527

(630) 794-5300
bkpleadingsNORTHERN@il.cslegal.com
File No. 14-22-05126

NOTE: This law firm is a debt collector.